UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DARNELL AUGUSTIN,

                  *Plaintiff,*

    – against –

AMELIA DIGIROLAMO and
ANDREA ORLANDO,

                  *Defendants.*

**MEMORANDUM & ORDER**
25-cv-03332 (NCM)(TAM)

---

**NATASHA C. MERLE**, United States District Judge:

On June 13, 2025, *pro se* plaintiff Darnell Augustin filed the instant fee-paid civil action against the Assistant District Attorneys prosecuting his criminal case in the Supreme Court of the State of New York, County of Kings. *See* Compl. ¶¶ 28–33, ECF No 1. Before the Court is plaintiff's motion for a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *See* Mot. for TRO & Prelim. Inj. ("Motion"), ECF No. 5. For the reasons stated below, plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff was indicted in Kings County Supreme Court in connection with the alleged unlawful possession of a firearm. *See* Compl. ¶¶ 11–12. Among other charges, plaintiff was indicted for two counts of Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 265.03, and one count of Criminal Possession of a Weapon in the Third Degree in violation of N.Y. Penal Law § 265.02. Compl. ¶ 11; *see*

*also* Mot. 17.[1] Plaintiff has a "prior conviction classified under New York law as a violent felony." Compl. ¶ 16. Plaintiff has pled guilty to some of the charges in the indictment pursuant to a plea agreement with the government. *See* Mot. 4. A sentencing hearing has been scheduled in plaintiff's criminal case for September 3, 2025. Compl. ¶ 22.

On June 13, 2025, plaintiff proceeding *pro se* filed the instant action, raising various constitutional claims in connection with his pending criminal case. *See* Compl. ¶¶ 37–52. Specifically, plaintiff seeks declaratory relief finding N.Y. Penal Law § 265.02 and § 265.03 unconstitutional on their face and as applied to plaintiff and injunctive relief enjoining his prosecution. *See* Compl. ¶¶ 72–79. Plaintiff argues that his prosecution under the state criminal statutes is unconstitutional in light of recent Supreme Court precedent, including the Court's decision in *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See* Compl. ¶ 33. One week after filing his complaint, plaintiff filed a motion for a temporary restraining order and preliminary injunction, seeking to stay the sentencing hearing scheduled in his state criminal case. *See* Mot. 1.

## LEGAL STANDARD

The standard governing a temporary restraining order is the same standard governing a preliminary injunction. *See Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n,* 965 F.2d 1224, 1228 (2d Cir. 1992). "A preliminary injunction is an extraordinary remedy never awarded as of right," and is only warranted upon a clear showing by a plaintiff that he is entitled to relief. *Winter v. Nat. Res. Def. Council, Inc.,*

---

[1]     Throughout this Opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

555 U.S. 7, 22, 24 (2008).[2] In order to establish that such a remedy is warranted, the movant must show "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 215 (2022). When a movant seeks to "stay government action taken in the public interest pursuant to a statutory scheme," the more rigorous prong of likelihood of success applies, rather than the serious question prong. *Id.*

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order without written or oral notice to the adverse party only if: "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

## DISCUSSION

Plaintiff fails to show a likelihood of success on the merits of his claims. Most notably, this is because federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly-defined circumstances. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971). Special circumstances under *Younger* include bad faith, harassment, and irreparable injury that is both serious and immediate. *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113–14 (2d Cir. 2003); *see also Griggs v. Crim. Ct. of City of*

---

[2]      Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*N.Y.*, No. 21-cv-01899, 2021 WL 1535056, at *5 (S.D.N.Y. Apr. 19, 2021). Plaintiff argues that a *Younger* exception applies here because (1) his criminal case is a "bad faith" prosecution, Mot. 2; (2) available state court procedures do not afford plaintiff a meaningful opportunity to avail himself of his constitutional rights, Mot. 3; and (3) plaintiff faces "irreparable harm from impending sentencing," Mot. 1. None of these arguments has merit.

First, plaintiff fails to meet his burden of demonstrating that the bad faith exception to *Younger* applies. Specifically, plaintiff fails to show that his state criminal proceedings "w[ere] initiated [by defendants] with and [] animated by a retaliatory, harassing, or other illegitimate motive," nor does he sufficiently show that defendants "ha[d] no reasonable expectation of obtaining a favorable outcome." *Lowell v. Vermont Dep't of Child. & Families*, 835 F. App'x 637, 640 (2d Cir. 2020) (summary order). Plaintiff alleges no facts as to defendants' subjective motivations in bringing the underlying criminal charges, and the absence of these allegations is "critical to, if not determinative of, whether the bad faith exception applies." *Jackson Hewitt Tax Serv. Inc. v. Kirkland*, 735 F. Supp. 2d 91, 95 (S.D.N.Y. 2010); *see also Kern v. Clark*, 331 F.3d 9, 11–12 (2d Cir. 2003) (explaining that the "bad faith" exception does not apply without evidence that a state prosecution was brought with subjective bad faith). Plaintiff's conclusory allegation that defendants had no reasonable expectation of securing a conviction in light of "recent Supreme Court precedent," Mot. 2, is likewise inadequate. Even if plaintiff was correct that *Bruen* forecloses his prosecution and conviction, this argument alone is insufficient to carry his burden that the bad faith exception likely applies. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) ("[T]o invoke the bad faith exception, the party bringing the state action must have no

4

reasonable expectation of obtaining a favorable outcome. . . . A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception."); *see also Hidalgo v. New York*, No. 11-cv-05074, 2012 WL 3598878, at *2 n.4 (E.D.N.Y. Aug. 20, 2012) (quoting *Younger*, 401 U.S. at 54) (noting that the "possible unconstitutionality of a statute on its face does not in itself justify an injunction against good-faith attempts to enforce it").

Second, plaintiff fails to demonstrate that state courts are an inadequate forum to raise his constitutional claims. Pending state prosecutions "ordinarily provide[] the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Baker v. Sup. Ct. for N.Y.*, No. 12-cv-04750, 2012 WL 4739438, at *2 (E.D.N.Y. Oct. 3, 2012) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Nevertheless, plaintiff argues that he is unable to raise his constitutional claims in state court because "[s]tate courts have shown themselves incapable or unwilling to conduct the required historical analysis mandated by *Bruen*." Mot. 3. This argument is unavailing.

Irrespective of whether plaintiff believes that state courts are "incapable or unwilling" to hear his constitutional claims, "[s]o long as [] plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2d Cir. 1995). Plaintiff does not allege that he is procedurally barred from raising his constitutional claims in New York State courts. Indeed, plaintiff does not allege that he has even attempted to raise his constitutional claims in his state court criminal proceedings whatsoever. *See generally* Compl. Moreover, plaintiff "has not identified any

5

barrier that precludes him from raising [his] claims in a state appellate court at the appropriate time." *Dickerson v. Siegal*, No. 23-cv-03859, 2023 WL 6158833, at *2 (E.D.N.Y. Sept. 21, 2023); *see also Harvey v. Katz*, No. 23-cv-00393, 2023 WL 8810608, at *2 (E.D.N.Y. Dec. 20, 2023) ("Ultimately, the state court's disposition will be subject to appeal and, if appropriate, review by the United States Supreme Court. The inconvenience of this process is not a sufficient ground for this Court to intrude.").

Finally, plaintiff fails to make a "clear showing" that his sentencing hearing amounts to "great and immediate harm." *Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003) (summary order). Plaintiff asserts that his "imminent sentencing" implicates "incarceration, stigma, and loss of liberty," and thus irreparable injury must be "presumed." Mot. 6.[3] However, "even irreparable injury is insufficient unless it is both great and immediate." *U.S. v. State of New York*, 402 F. Supp. 1010, 1013 (S.D.N.Y. 1975) (quoting *Younger*, 401 U.S. at 37). And plaintiff fails to show how a sentencing hearing scheduled more than two months from the date plaintiff filed his Motion causes a harm sufficiently great and immediate to warrant this Court's intervention. *See Lynch v. County of Herkimer*, No. 23-cv-01454, 2024 WL 2804839, at *8 (N.D.N.Y. Feb. 14, 2024)*, report and recommendation adopted* 2024 WL 2804527, at *1 (May 31, 2024). This is particularly so where, as here, plaintiff fails to demonstrate that the state review and appeals process cannot afford relief for the alleged constitutional violations. *See Miller v.*

---

[3]      To the extent plaintiff suggests that irreparable harm is "presumed" in his case because he alleges constitutional violations, the Court is unpersuaded. As explained *supra*, plaintiff's claims are likely precluded from review by the Court due to *Younger* abstention doctrine, and, accordingly, plaintiff is unlikely to succeed on the merits of his Second Amendment and Due Process claims. *See Uppal v. NYS Dep't of Health*, No. 16-cv-03038, 2017 WL 11553226, at *3 (S.D.N.Y. Sept. 30, 2017) ("[I]n light of the fact that the *Younger* abstention doctrine appears to apply to [p]laintiff's claims, I find that [p]laintiff has also failed to demonstrate a likelihood of success on the merits.").

*Sutton*, No. 15-cv-01111, 2016 WL 3976540, at \*18 (D. Conn. July 21, 2016) (concluding

that the plaintiff would not suffer great and immediate harm where the plaintiff had yet

to be disciplined and the plaintiff could seek "relief for the alleged constitutional

violations through the state review and appeal process").

Therefore, because plaintiff has not demonstrated any circumstances in his

pending criminal case suggesting that a *Younger* exception applies, the Court must

abstain from interfering with the state court proceedings. Thus, plaintiff is unlikely to

succeed on the merits of his claims and his request for emergency relief must be denied.

*See Baker*, 2012 WL 4739438, at \*2.

## CONCLUSION

Accordingly, plaintiff's request for a temporary restraining order and preliminary

injunction is denied. The Clerk of Court is respectfully directed to mail a copy of this Order

to plaintiff and to note the mailing on the docket.


**SO ORDERED.**

*/s/ Natasha C. Merle*_____
NATASHA C. MERLE
United States District Judge

Dated:      June 24, 2025
            Brooklyn, New York