UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARNELL AUGUSTIN,

                  *Plaintiff*,

– against –

AMELIA DIGIROLAMO &
ANDREA ORLANDO,

                  *Defendants*.

**MEMORANDUM & ORDER**
25-cv-03332 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

    Pro se plaintiff Darnell Augustin brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking to stay his ongoing state criminal proceedings. *See generally* Compl., ECF No. 1. Before the Court is (1) plaintiff's motion for reconsideration of the Court's June 24, 2025 Order denying plaintiff's motion for a temporary restraining order and preliminary injunction, Pl.'s Mot., ECF No. 11[1]; and (2) defendants' motion to dismiss, Defs.' Mot., ECF No. 9. For the reasons stated below, plaintiff's motion is **DENIED** and defendants' motion is **GRANTED**.

## BACKGROUND

    The Court assumes familiarity with the underlying facts of plaintiff's claims. *See* Memorandum & Order ("Order"), ECF No. 7. The Court briefly discusses the relevant procedural background.

---

[1] The Court hereinafter refers to plaintiff's motion for reconsideration, ECF No. 9, as "Pl.'s Mot."; defendants' pre-motion conference letter in anticipation of a motion to dismiss, ECF No. 11, as "Defs.' Mot."; and plaintiff's response to defendants' Motion, ECF No. 12, as "Pl.'s Opp'n."

1

On June 13, 2025, plaintiff filed the instant action seeking declaratory and injunctive relief enjoining his criminal prosecution in New York State court for alleged violations of N.Y. Penal Law §§ 265.02 and 265.03. *See* Compl. 12.[2] The following week plaintiff filed a motion for a temporary restraining order and preliminary injunction staying his state court sentencing hearing scheduled for early September 2025. *See* Mot. for Prelim. Inj. ("PI Mot.") 1, ECF No. 5. Shortly thereafter the Court denied plaintiff's motion, concluding that plaintiff failed to show a likelihood of success on the merits of his claims because the Court was required to abstain from interfering in plaintiff's state court criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See* Order 7.

On July 3, 2025, defendants filed a request for a pre-motion conference in anticipation of a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. 1. A few days later the Court directed plaintiff to file a response to defendants' request, and also notified the parties that the Court may "exercise its discretion to convert the parties' pre-motion conference letters into the motion itself."[3] ECF Order dated July 7, 2025. That same day, plaintiff filed a

---

[2]   Throughout this Opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[3]   Although the Court may not prevent a party from filing a motion, courts within the Second Circuit recognize that "a district court may construe a pre-motion conference letter as a motion itself." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-01254, 2021 WL 1172265, at *2 (S.D.N.Y. Mar. 29, 2021); *see also Ravikant v. Alukal*, No. 21-cv-04758, 2022 WL 2185218, at *2 (S.D.N.Y. May 19, 2022) ("[A] district court may construe a pre-motion conference letter as a motion itself. In determining whether a [c]ourt properly construed letters as a motion, courts consider whether the parties' filings are sufficiently detailed and whether the parties have had an opportunity to be heard."); *cf. Marsalisi v. N.Y.C. Dist. Council of Carpenters & Joiners of Am.*, No. 22-1097, 2023 WL 176958, at *1 (summary order) ("Because the district court did not give notice to the parties that it was considering dismissal based on the pre-motion letters, it erred."). Accordingly, upon review of the filings in this case, the Court construes defendant's pre-motion conference letter as the motion to dismiss. *See Hope v. Midland Credit Mgmt., Inc.*, No. 19-cv-01341, 2019 WL 13298619, at *1 n.1 (E.D.N.Y. Aug. 22, 2019).

motion for reconsideration of the Court's Order denying plaintiff's motion for preliminary relief, *see* Pl.'s Mot., as well as his response to defendants' pre-motion conference request, *see* Pl.'s Opp'n.

**LEGAL STANDARD**

I.     **Rule 59(e)**[4]

A motion for reconsideration "is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).[5] The standard for reconsideration is "strict, and reconsideration will generally be denied" unless the moving party can (1) point to "factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision[,]" or (2) "demonstrate the need to correct a clear error or prevent manifest injustice." *Cuthbert v.*

---

[4]     Although plaintiff brings his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60, that rule only provides relief from "final" judgments, orders, and proceedings. Fed. R. Civ. P. 60(b). And plaintiff's motion "cannot be construed as one for relief from entry of a final judgment or order[,] . . . as a preliminary injunction is not a final judgment, order, or proceeding[.]" *D9 Collection, L.L.C. v. Jimmy Jazz, Inc.*, No. 11-cv-08752, 2012 WL 13034897, at *2 n.2 (S.D.N.Y. June 29, 2012). Instead, plaintiff's motion for reconsideration "is properly made pursuant to Rule 59(e), which allows for alterations of appealable judgments." *Jones v. U.S. Post. Serv.*, No. 20-cv-06516, 2020 WL 6554904, at *8 (S.D.N.Y. Sept. 29, 2020); *see also Toth ex rel. Toth v. Bd. of Educ., Queens Dist. 25*, No. 07-cv-03239, 2007 WL 3034078, at *1 n.1 (E.D.N.Y. 2007) (explaining that a motion for reconsideration of an order denying preliminary relief is properly made pursuant to Rule 59(e) because an order "granting, refusing, or refusing to dissolve an injunction" is appealable, and thus "an interlocutory order denying a preliminary injunction is a judgment within the meaning Rule 59(e)"). In any event, construing plaintiff's motion as one made pursuant to Rule 59 rather than Rule 60 does not impact the Court's analysis. *See Gomez v. United States*, No. 11-cv-06348, 2016 WL 4027928, at *2 (E.D.N.Y. July 26, 2016) ("The standard for Rule 59(e) and Rule 60(b) motions is largely the same."); *see also Biehner v. City of New York*, No. 19-cv-09646, 2021 WL 5827536, at *2 n.4 ("To the extent the Court finds the plaintiff's motion without merit under Federal Rule of Civil Procedure 59(e), it would be similarly unavailing under Federal Rule of Civil Procedure 60(b).").

[5]     Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Town of E. Hampton N.Y.*, No. 18-cv-04796, 2021 WL 66289, at *3 (E.D.N.Y. Jan. 6, 2021). The purpose of a motion for reconsideration is not to repeat arguments previously rejected by the Court, nor to make new arguments that could have been previously raised. *Brown v. City of New York*, 622 F. App'x 19, 19–20 (2d Cir. 2015) (summary order).

Although the briefings of a pro se plaintiff are liberally construed to raise the strongest arguments they suggest, *Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019), a pro se litigant must still demonstrate that reconsideration is warranted. *See Rowe v. Cenlar FSB*, No. 19-cv-07278, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023).

## II. Rule 12

### A. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a case is properly dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction is "not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

### B. Rule 12(b)(6)

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). Factual disputes are typically not the subject of the Court's analysis, as Rule 12 motions

4

"probe the legal, not the factual, sufficiency of a complaint." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y., Inc.*, 64 F. Supp. 3d 459, 468–69 (E.D.N.Y. 2014). That is, "the issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although the Court takes all factual allegations contained in the complaint as true, it does not do so for legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in a complaint. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Motion for Reconsideration

Plaintiff seeks reconsideration of the Order denying his motion for a preliminary injunction on the grounds that "the New York State Court system lacks [a] statutory procedural mechanism" providing a hearing at which an "individualized determination" can be made as to plaintiff's disarmament. Pl.'s Mot. 3. Plaintiff further argues that the Court erred in its determination that *Younger* abstention applied to plaintiff's case because (1) the state judicial forum is "inadequate to protect plaintiff's federal rights,"

5

Pl.'s Mot. 10; and (2) plaintiff faces imminent and irreperable harm, Pl.'s Mot. 11. None of these arguments have merit.

As a threshold matter, plaintiff's motion fails for the simple reason that the arguments raised in his motion for reconsideration were previously raised—and were considered and rejected by the Court—in his motion for preliminary relief. Indeed, plaintiff's motion for a preliminary injunction expressly argued that New York State courts are an inadequate forum for vindication of his constitutional rights because they do not provide "any individualized hearing or process to determine his current dangerousness[.]" PI Mot. 7. And plaintiff also argued that *Younger* abstention did not bar the Court's intervention because his state criminal proceedings "offer[] no meaningful constitutional forum," PI Mot. 6, and because he faced "imminent, irreparable harm from sentencing," PI Mot. 3.

It is "well-settled that a motion for reconsideration is not a vehicle for taking a second bite at the apple." *Anthes v N.Y. Univ.*, No. 17-cv-02511, 2018 WL 2383121, at *1 (S.D.N.Y. Apr. 30, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Plaintiff's reprisal of the same arguments previously rejected by the Court warrants denial of his motion for reconsideration. *See Montague v. City of Rochester*, No. 21-1598, 2022 WL 16558154, at *1 (2d Cir. Nov. 1, 2022) (summary order).

Moreover, plaintiff fails to show, as he must to warrant reconsideration, that the Court "overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision," or the need to "correct

6

a clear error or prevent manifest injustice." *Moss v. First Premier Bank*, No. 13-cv-05438, 2024 WL 4274764, at *1 (E.D.N.Y. Sept. 9, 2024). Plaintiff does not argue that the Court overlooked factual matters or controlling precedent. *See generally* Pl.'s Mot. Instead, construing plaintiff's motion liberally, he suggests that the Order's rejection of plaintiff's contention that New York State courts are inadequate because they lack a "statutory procedural mechanism" to provide plaintiff a "fair hearing with regard to disarmament,"—and, in doing so, deprive plaintiff of his due process and Second Amendment rights—amounts to clear error or must be reconsidered to prevent manifest injustice. *See* Pl.'s Mot. 3.

For the same reasons set forth more fully in the Order and below, plaintiff's contentions fail because he does not allege that he is barred from raising his constitutional claims on procedural or technical grounds: thus, New York State courts are not "inadequate" for purposes of *Younger*. *See* Order 5–6. And in any event, plaintiff's disagreement with the Court's conclusion that *Younger* abstention applies does not satisfy the clear error standard. *See Argila v. Mach Grp., Inc.*, 740 F. Supp. 3d 128, 132 (E.D.N.Y. 2024) ("A party's disagreement with the court's explication of the relevant legal standards and application of the standards to the facts of the case does not satisfy the clear error standard."); *see also J.B. Sterling Co. v. Verhelle*, 470 F. Supp. 3d 298, 302 (W.D.N.Y. 2020) (explaining that the party's "disagreement with the Court's analysis" of a legal issue was not grounds for reconsideration); *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the [c]ourt's decision, that is not a basis for reconsideration.").

Accordingly, because plaintiff fails to demonstrate material factual matters or controlling precedent overlooked by the Court, clear error in the Court's Order, or that

reconsideration is necessary to prevent manifest injustice, plaintiff's motion for reconsideration must be denied.

## II. Motion to Dismiss

Defendants seek dismissal of plaintiff's complaint on the grounds that it is barred by *Younger* abstention. Defs.' Mot. 3. Defendants argue that plaintiff's case concerns an ongoing state criminal prosecution, and, as such, falls within the category of proceedings to which *Younger* abstention applies. *See* Defs.' Mot. 2. Defendants further argue that plaintiff "had an opportunity to assert his constitutional claims in the State criminal proceeding." Defs.' Mot. 2. Therefore, in defendants' view, abstention is appropriate. *See* Defs.' Mot. 2. Defendants also contend that plaintiff fails to demonstrate that an exception to *Younger* abstention applies. Defs.' Mot. 2–3. Specifically, defendants contend that plaintiff fails to "plead any facts regarding the State's subjective motivations" in bringing the criminal prosecution, which is fatal to plaintiff's allegations of the bad faith exception. Defs.' Mot. 2 (citing *Jackson Hewitt Tax Serv v. Kirkland*, 735 F. Supp. 2d 91, 95 (S.D.N.Y. 2010)). Finally, defendants assert that plaintiff fails to make a clear showing of "great and immediate" harm sufficient to invoke the extraordinary circumstances exception because the harm that plaintiff faces "is of the same type faced by every criminal defendant[.]" Defs.' Mot. 3.

Plaintiff responds that *Younger* abstention is inapplicable to the instant case because "the state court is an inadequate forum for the vindication of [his] constitutional rights." Pl.'s Opp'n 2. Plaintiff asserts that New York State courts "do[] not provide a meaningful opportunity to adjudicate [plaintiff's] Second Amendment or Supremacy Clause claims[.]" Pl.'s Opp'n 2. Plaintiff argues that there is no "state mechanism" to raise a "*Bruen*-based or procedural due process challenge to firearm [disarmament] at

8

sentencing." Pl.'s Opp'n 2. Additionally, plaintiff argues that he faces the "irreparable harm" of the deprivation of his constitutional rights, and thus, the extraordinary circumstances exception to *Younger* applies. Pl.'s Opp'n 2–3. Finally, construing plaintiff's opposition liberally, he argues that his criminal prosecution falls into the "bad faith" exception to *Younger*. *See* Pl.'s Opp'n 3. As explained in the Court's previous Order and below, none of these arguments have merit, and the Court must abstain from interfering with plaintiff's state criminal proceedings. *See* Order 3–7.

### A. Younger Requirements

First, plaintiff's contention that *Younger* abstention does not apply because New York State courts are inadequate is unavailing. *See* Pl.'s Opp'n 2. "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Plaintiff argues that the third condition is not satisfied here because New York State courts do not provide an "adequate opportunity" for his constitutional claims— specifically, his Second and Fourteenth Amendment claims—to be heard. *See* Pl.'s Opp'n 2. However, as the Court previously explained, "so long as plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." Order 5 (quoting *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2d Cir. 1995)). Put differently, where, as here, a plaintiff is "free to raise his constitutional claims before a legally trained judge" before sentencing and after

9

conviction on direct appeal, a plaintiff "can assert no bar to having his constitutional argument heard before the state courts." *Hansel*, 56 F.3d at 394.

Plaintiff concedes that he is not "procedural[ly] barred from raising arguments with regards to his civil and constitutional rights in state court proceedings." Pl.'s Mot. 6. Thus, because plaintiff is not procedurally barred from raising his constitutional claims in state court, he fails to show that the state forum is inadequate for purposes of *Younger*. *See Deem v. DiMella-Deem*, No. 18-cv-11889, 2019 WL 1958107, at *11 (S.D.N.Y. May 2, 2019) (explaining that *Younger* abstention applied because the plaintiff "ha[d] not shown any procedural barrier to his assertion of constitutional issues in the state court proceeding"); *see also Koziol v. Peters*, No. 12-cv-00823, 2012 WL 4854589, at *8–9 (N.D.N.Y. Oct. 11, 2012) (concluding that *Younger* abstention applied where the plaintiff "ha[d] not presented authority or argument demonstrating that he [was] barred" from raising his constitutional claims in state court).

Plaintiff's argument that New York State courts are inadequate because they do not provide a "state mechanism to raise a *Bruen*-based or procedural due process challenge[s]," is without merit. Pl.'s Opp'n 2. For one, plaintiff does not—and indeed cannot—plausibly allege that New York State courts refuse to consider *Bruen* challenges or undertake the historical analysis required pursuant to *Bruen* generally. *See, e.g.*, *People v. Martinez*, 231 N.Y.S.3d 806 (N.Y. Sup. Ct. 2025) (denying motion to dismiss N.Y. PL § 265.03 charge after reviewing "dozens of post-*Bruen* cases" and concluding that "[t]here is a mountain of historical tradition supporting some limits on Second Amendment rights which are directly applicable here"); *Gonyo v. D.S.*, 210 N.Y.S.3d 612 (N.Y. Sup. Ct. 2024) (denying *Bruen* challenge and opining that New York's Red Flag Law

10

was "not beyond the outer limits the framers and ratifiers of the Second and Fourteenth amendment understood them, based on the nation's historical traditions").

Moreover, to the extent plaintiff asserts that there is no "state mechanism" to raise his constitutional claims in the current posture of his case at his state court sentencing, *see* Pl.'s Opp'n 2, "[t]he state proceeding will afford [p]laintiff an adequate opportunity for judicial review of his constitutional claims because . . . he can raise his claims on direct appeal or through collateral review." *Barker v. Suffolk County*, No. 24-cv-07941, 2024 WL 4827739, at *3 (E.D.N.Y. Nov. 18, 2024); *see also Malave-Sykes v. Endicott Police Dep't*, No. 23-cv-01215, 2023 WL 6847684, at *7 (N.D.N.Y. Oct. 17, 2023) ("[S]hould [the] [p]laintiff be convicted, he may raise his constitutional claims on direct appeal or through collateral review of his conviction in state court.") (collecting cases), *report and recommendation adopted*, 2024 WL 33733, at *4 (Jan. 2, 2024). That is, plaintiff's "mere difficulty or unconfirmed inability to raise [his] constitutional claim in the state forum" at this stage of his proceedings does not permit this Court's intervention. *Hindu Temple Soc'y of N. Am. v. Sup. Ct. of State of N.Y.*, 335 F. Supp. 2d 369, 374 (E.D.N.Y. 2004).[6]

---

[6] Plaintiff's argument that he has "plausibly alleged that the state forum does not provide a meaningful opportunity to adjudicate" his constitutional claims is similarly without merit. *See* Pl.'s Opp'n 2. As explained above, plaintiff concedes that he is not procedurally or technically barred from raising his constitutional claims. *See* Pl.'s Mot. 5. In fact, plaintiff does not allege that he has even attempted to raise these claims in his state court proceedings at all. *See* Order 6; *see also Hindu*, 335 F. Supp. at 374 ("*Younger* only presupposes that the plaintiff be able to interpose his federal defense in the state court; it does not require that all the procedures for the interposition of the federal defense be as advantageous in the state court as in the federal action.") (quoting *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000)). To the extent plaintiff believes that New York State courts do not provide a meaningful opportunity to adjudicate his claims simply because those claims are unlikely to prevail in state court, such difficulties do not render the state forum inadequate for purposes of *Younger*. *See Parent v. New York*, 485 F. App'x 500, 504 (2d Cir. 2012) (summary order) ("However, simply because the state courts have not issued decisions in his favor does not render them inadequate for

11

### B. *Younger* Exceptions

Next, plaintiff fails to plausibly allege that either of the exceptions to *Younger* abstention are applicable to the instant case. There are "two tightly defined exceptions to the *Younger* abstention doctrine, the bad faith exception and the extraordinary circumstances exception." *Jackson Hewitt Tax Serv. Inc. v. Kirkland*, 455 F. App'x 16, 18 (2d Cir. 2012) (summary order). The bad faith exception applies where a plaintiff shows "that the party bringing the state action has no reasonable expectation of obtaining a favorable outcome," but instead, "[brings] the proceeding with a retaliatory, harassing, or other illegitimate motive." *Id.* The extraordinary circumstances exception applies where a plaintiff shows "(1) that there [is] no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that a finding be made that the litigant will suffer great and immediate harm if the federal court does not intervene." *Diamond*, 282 F.3d at 201; *see also Strong v. Watson*, No. 22-cv-00552, 2023 WL 8439445, at *5 (W.D.N.Y. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7647780, at *2 (Nov. 15, 2023). Plaintiff fails to make the requisite showing that either exception applies here.

### i.  Bad Faith Exception

Plaintiff fails to sufficiently plead that the bad faith exception to *Younger* applies because he "alleges no facts as to defendants' subjective motivations in bringing the underlying criminal charges." Order 4. "[T]he absence of these allegations is critical to, if not determinative of, whether the bad faith exception applies." Order 4 (quoting *Jackson*,

---

purposes of *Younger* abstention."); *see also Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 79 (2d Cir. 2003) ("The relevant question under *Younger* is whether the state's procedural remedies *could* provide the relief sought not whether the state *will* provide the constitutional ruling which the plaintiff seeks.") (emphasis in original).

12

735 F. Supp. 2d at 95); *see also Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003) ("[T]he subjective bad faith of the prosecuting authority is the gravamen of [the bad faith] exception to *Younger* abstention.").

To the extent plaintiff alleges that his criminal prosecution was brought in "bad faith to suppress fundamental rights despite federal precedent," Compl. 10, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution, even when violations of constitutional rights are egregious, does not warrant application of the bad faith exception to *Younger* abstention." *Barker*, 2024 WL 4827739, at *3 (citing *Diamond*, 282 F.3d at 199). In other words, plaintiff must—but fails to—demonstrate that "the purpose of the proceedings [was] illegitimate," i.e., "initiated by a retaliatory, harassing, or other illegitimate motive." *Id.* Accordingly, the bad faith exception does not apply. *See Hidalgo v. New York*, No. 11-cv-05074, 2012 WL 3598878, at *2, 2 n.4 (E.D.N.Y. Aug. 20, 2012) (rejecting argument raised in support of motion for reconsideration that the "[c]ourt overlooked an exception to the *Younger* doctrine . . . when a statute is blatantly violative of a constitutional right," because the "possible unconstitutionality of a statute on its face does not in itself justify an injunction against good-faith attempts to enforce it"); *see also MPHJ Tech. Invs., LLC v. Sorrell*, 108 F. Supp. 3d 231, 238 (D. Vt. 2015) ("The bad faith exception will not apply if the enforcement effort, while unconstitutional, is legitimate.").

          ii.     <u>Extraordinary Circumstances</u>

Plaintiff similarly fails to sufficiently plead that the extraordinary circumstances exception to *Younger* applies. In the Second Circuit there are two predicates for application of the extraordinary circumstances exception. *See Diamond*, 282 F.3d at 201. First, there must be "no state remedy available to meaningfully, timely, and adequately

remedy the alleged constitutional violation;" second, a finding must be made "that the litigant will suffer great and immediate harm if the federal court does not intervene." *Id.* The Supreme Court has only twice provided examples of circumstances meeting this "high standard:" (1) "when a state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it[;]"and (2) "when [a] state administrative agency was incompetent by reason of bias to adjudicate the issues pending before it[.]" *Id.* Plaintiff fails to demonstrate that his state criminal court proceedings meet this high standard.

At the outset, "the state appellate process is almost by definition a meaningful, timely, and adequate avenue for relief" of plaintiff's alleged constitutional violations. *Andujar v. City of New York*, No. 11-cv-05466, 2012 WL 5177515, at *6 (S.D.N.Y. Oct. 16, 2012). Plaintiff may challenge his conviction and sentence through appropriate post-conviction motions and direct appeals. *See Damon v. New York*, No. 23-cv-00074, 2023 WL 11965130, at *7 (N.D.N.Y. Mar. 28, 2023), *report and recommendation adopted*, 2023 WL 11965128, at *1 (Apr. 24, 2023). Indeed, "[u]ltimately, the state court's disposition will be subject to appeal and, if appropriate, review by the United States Supreme Court." *Harvey v. Katz*, No. 23-cv-00393, 2023 WL 8810608, at *2 (E.D.N.Y. Dec. 20, 2023). Therefore, plaintiff does not plausibly allege that he lacks a meaningful, adequate, and timely remedy for his alleged constitutional violations. *See id.* (abstaining pursuant to *Younger* and dismissing complaint seeking to "avoid the consequences of a conviction" where New York State court "adjudicated his post-*Bruen* motion to dismiss" and the plaintiff could avail himself of state court appellate process); *see also Dickerson v. Siegal*, No. 23-cv-03859, 2023 WL 6158833, at *2 (E.D.N.Y. Sept. 21, 2023) (abstaining

14

pursuant to *Younger* where the plaintiff "ha[d] not identified any barrier that preclude[d] him from raising [his constitutional] claims in a state appellate court at the appropriate time").

Nor does plaintiff sufficiently demonstrate a danger of great and immediate irreparable harm absent the Court's intervention. As a general matter, no danger of great and immediate harm "exists where the defendant has the opportunity to offer a defense in the criminal prosecution." *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37 (2d Cir. 2015) (summary order). As explained above, plaintiff does not plausibly allege that he cannot raise a defense or his constitutional claims in his state court criminal proceedings. *See* Order 5–6. Moreover, certain types of injuries, such as the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" are not "considered irreparable in the special legal sense of that term." *Younger*, 401 U.S. at 46. Plaintiff alleges no facts indicating that he faces a harm different than the types of harm attendant to any criminal prosecution—sentencing pursuant to a conviction or guilty plea.[7] *See Justice v. King*, No. 08-cv-06417, 2015 WL 1433303, at *5 (W.D.N.Y. Mar. 27, 2015) ("[W]here the injury to the accused is solely that incidental to every criminal

---

[7]     Plaintiff's argument that irreparable harm is presumed because he alleges a violation of his constitutional rights does not compel a different conclusion. *See* Compl. 11. Although "[i]rreparable harm may be assumed from a deprivation of constitutional rights . . . the assertion of a constitutional injury alone, without convincingly demonstrating deprivation, is insufficient to trigger a finding of irreparable harm." *Gairy v. City of New York*, No. 23-cv-00802, 2023 WL 6517542, at *3 (E.D.N.Y. Oct. 4, 2023). And as the Court previously explained, plaintiff has failed to make such a convincing demonstration here, particularly in light of the fact his claims are precluded from Court review pursuant to *Younger*. *See* Order 6 n.3; *see also Jansen v. N.Y.C. Dep't of Educ.*, No. 23-cv-06756, 2023 WL 6160691, at *3 (E.D.N.Y. Sept. 30, 2023) ("Rather, in order to show irreparable injury, plaintiff must show a likelihood of success on the merits of her constitutional claim."); *Vt. Fed. of Sportsmen's Clubs v. Birmingham*, 741 F. Supp. 3d 172, 214 (D. Vt. 2024) ("Because [p]laintiffs are unlikely to succeed on the merits, they are also unlikely to suffer irreparable harm from violation of their constitutional rights.").

proceeding brought lawfully and in good faith, he is not entitled to equitable relief, even where the statute under which he is prosecuted is to be claimed unconstitutional."); *accord 1487 Amusement Corp. v. Redlich*, 350 F. Supp. 822, 828 (S.D.N.Y. 1972) ("In any event nothing is shown in the way of harm other than the normal results of litigation, which, under the teaching of the *Younger* case, do not create the extraordinary circumstances justifying federal court intervention.").

Moreover, plaintiff fails to allege facts demonstrating that his state court criminal proceedings are akin to the rare examples which the Supreme Court has determined meet the "high standard" of the extraordinary circumstances exception. *See Diamond*, 282 F.3d at 201. Although plaintiff alleges in conclusory fashion that N.Y. Penal Law 265.03 is "flagrantly and patently unconstitutional," Compl. 9, authority within this circuit suggests otherwise. *See, e.g., United States v. Guzman*, No. 20-cr-00524, 2023 WL 8456092, at *4 (E.D.N.Y. Dec. 6, 2023) (opining that constitutional challenge to conviction under N.Y. Penal Law § 265.03 "remains doubtful" because *Bruen* was limited to "ordinary, law-abiding, adult citizens"). And at minimum, even if the constitutionality of N.Y. Penal Law § 265.03 is in doubt post-*Bruen*, plaintiff fails to demonstrate that the statute is "flagrantly and patently violative of express constitutional prohibitions" such that intervention in his state criminal proceedings is warranted. *Diamond*, 282 F.3d at 201; *see United States v. Guzman*, No. 22-1321, 2023 WL 7212159, at *1 (2d Cir. Nov. 2, 2023) (summary order) (finding that district court's treatment of conviction under N.Y. Penal Law § 265.03 as constitutional in the aftermath of *Bruen* was not plain error); *accord Zherka v. Bondi*, 140 F.4th 68, 96 (2d Cir. 2025) (rejecting contention that a "prohibition on possession of firearms by convicted felons violates the Second Amendment as applied to nonviolent felons"). Finally, plaintiff's "conclusory allegations of bias are insufficient

16

to overcome *Younger.*" *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000); *see also Koltun v. Berry*, No. 13-cv-01612, 2013 U.S. Dist. LEXIS 186354, at *14 (S.D.N.Y. Oct. 25, 2013) ("A plaintiff must articulate plausible facts supporting the existence of bad faith or bias."), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 37878, at *1 (Mar. 21, 2014).

* * *

In sum, the Court concludes that plaintiff's state court criminal case falls within the category of proceedings to which *Younger* abstention doctrine applies, and plaintiff fails to demonstrate that any *Younger* exception is applicable. Therefore, the Court must abstain from interfering with plaintiff's state criminal proceedings and the Court is deprived of jurisdiction to hear this case. *See Diamond*, 282 F.3d at 197 ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."). Accordingly, defendants' motion to dismiss must be granted.

## CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is **DENIED**, and defendants' motion to dismiss is **GRANTED**. Plaintiff's complaint is hereby dismissed. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to close the case.

**SO ORDERED.**

                                                        */s/ Natasha C. Merle*
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:        September 19, 2025
                Brooklyn, New York